**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MALEEKAH H.,**

           **Plaintiff,**

v.

           **20-CV-1399**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all proceedings in this case, including entry of final judgment.  Dkt. No. 14.  Maleekah H. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits.  This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. Nos. 11, 12.  For the following reasons, Plaintiff's motion (Dkt. No. 11) is denied, and the Commissioner's motion (Dkt. No. 12) is granted.

## BACKGROUND

On February 20, 2017, Plaintiff filed for Social Security Income ("SSI") and Disability Insurance Benefits ("DIB") alleging that she became disabled on June 24,

2016, by degenerative disc disease, cervicalgia, and spinal stenosis.  Tr. at 208, 247.[1]  Plaintiff's claim was denied at the initial level, and she requested review.  Administrative Law Judge Gregory Moldafsky ("the ALJ") conducted a hearing on January 3, 2019.  Tr. at 50-81.  Plaintiff, who was represented by counsel, testified as did a vocational expert.  Tr. at 50-81.  On June 5, 2019, the ALJ issued a decision in which he found that Plaintiff was not under a disability as defined by the Act from June 24, 2016, her alleged disability date, through the date of his decision.  Tr. at 32-43.  The Appeals Council denied Plaintiff's request for review making the ALJ's decision final.  Tr. at 1-6.  This action followed.  Dkt. No. 1.

## LEGAL STANDARD

**Disability Determination**

A person making a claim for Social Security benefits bears the ultimate burden of proving disability throughout the period for which benefits are sought.  *See* 20 C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982).  The claimant is disabled only if she shows that she is unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted, or can be expected to last, for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212, 216-22 (2002).

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 10.

A disabling physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). Congress places the burden upon the claimant to establish disability by "furnish[ing] such medical and other evidence of the existence [of a disability] as the Commissioner . . . may require." 42 U.S.C. § 1382c(a)(3)(H)(i). The function of deciding whether a person is under a disability within the meaning of the Act belongs to the Commissioner. 20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).

In keeping with this function, the Commissioner has established a five-step sequential evaluation for adjudicating disability claims, which is set forth at 20 C.F.R. § 416.920. The claimant has the burden at the first four steps. The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy; but the burden of proving disability is always on the claimant. *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a

rehearing." 42 U.S.C. § 405(g). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole. *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).

Substantial evidence is "more than a mere scintilla." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (emphasis added and citation omitted). The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard. *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position. *See Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015). Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## DISCUSSION AND ANALYSIS

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 24, 2016, her alleged onset date.[2] Tr. at 37. The ALJ concluded at step two that Plaintiff suffered from the severe impairments of cervicalgia and degenerative disc disease of the cervical spine; right-sided sciatica; arthritis; peripheral vestibulopathy of the left ear; and bilateral tinnitus. Tr. at 38. At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings. Tr. at 39.

The ALJ found that Plaintiff retained the RFC to perform light work as defined by 20 C.F.R. 404.1567(b) and 416.967(b), except that she can only stand and/or walk for four hours in an eight-hour workday; she can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds; she can occasionally stoop, balance, kneel, and crouch, but never crawl; she can occasionally reach overhead with her bilateral upper extremities; she cannot work at unprotected heights or around dangerous moving machinery; and she can tolerate no more than a moderate noise level. Tr. at 40. Relying on the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work ("PRW") as a staffing coordinator. Tr. at 42.

---

[2] The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2017. Tr. at 37.

Accordingly, the ALJ determined that Plaintiff had not been under a disability from June 24, 2016, through the date of his decision. Tr. at 43.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings. Dkt. Nos. 11, 12. Plaintiff argues that the ALJ erred in not finding Plaintiff's anxiety severe, failing to account for any mental limitations in her RFC, and by not resolving the inconsistency between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). For the following reasons, this Court finds that remand is not warranted.

**Plaintiff's Anxiety**

At step two of the disability analysis, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). "The claimant bears the burden of presenting evidence establishing severity." *Taylor v. Astrue,* 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012), *adopted,* 32 F. Supp. 3d 253 (N.D.N.Y. 2012). The severity standard "is *de minimis* and is meant only to screen out the weakest of claims." *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir. 1995). At the same time, the "'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor,* 32 F. Supp. 3d at 265 (quoting *Coleman v. Shalala,* 895 F. Supp. 50, 53 (S.D.N.Y. 1995)). Rather, "to be considered severe, an impairment or combination of impairments must cause 'more than minimal limitations in [a claimant's] ability to

perform work-related functions.'"  *Windom v. Berryhill,* No. 6:17-cv-06720-MAT, 2018 WL 4960491, at *3 (W.D.N.Y. Oct. 14, 2018) (quoting *Donahue v. Colvin*, No. 6:17-CV-06838(MAT), 2018 WL 2354986, at *5 (W.D.N.Y. May 24, 2018)).

Having reviewed the record in its entirety, this Court finds that the ALJ did not err in finding that Plaintiff's anxiety was non-severe.  As an initial matter, Plaintiff did not even allege she was disabled due to anxiety, or any other mental impairment, when she filed for benefits.  Rather, she listed degenerative disc disease, cervicalgia, and spinal stenosis, all physical impairments.  Tr. at 122.  In his severity analysis, the ALJ acknowledged that "[a]nxiety and stress were identified as possible sources of [Plaintiff's] reported dizziness[.]"  Tr. at 38.  However, the ALJ noted, Plaintiff "has not received any mental health treatment or medication during the relevant period (Hearing Testimony)."  Tr. at 38.

Moreover, there is no evidence that Plaintiff's anxiety interfered with her ability to perform basic work activities.  An impairment is not considered "severe" when medical and other evidence establish only a slight abnormality that would have a minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1522; 416.922.  In his decision, the ALJ thoroughly considered Plaintiff's abilities in four functional areas: understanding, remembering, and applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  Tr. at 38-39.  He found no limitations in the area of understanding, remembering, and applying information, and only mild limitations in the remaining areas.  Tr. at 38-39.  The ALJ noted that although Plaintiff testified she experienced significant memory problems (Tr.

7

at 269) providers consistently observed that she demonstrated intact memory, alert sensorium, full orientation, and normal fund of knowledge.  Tr. at 38, 484, 506, 511, 520, 557, 561, 584, 688.  Similarly, Plaintiff reported that she regularly spent time with friends and family, even though family issues sometimes caused her stress.  Tr. at 38, 73, 267, 483, 484, 501, 503, 506, 508, 511, 513, 515, 703.  The ALJ considered Plaintiff's chronic neck pain and difficulty sleeping, which impacted her ability to concentrate.  Tr. at 38, 555, 584, 687.  However, Plaintiff's providers consistently observed that she had good attention and concentration.  Tr. at 38, 484, 528, 531, 537, 601.  Finally, the ALJ acknowledged that Plaintiff performed activities of daily living independently, including cooking, light housework, shopping, showering, and dressing.  Tr. at 39, 73, 434.  These activities belie Plaintiff's allegations of "severe" anxiety.

Even assuming Plaintiff did have anxiety, she has failed to provide evidence, as she must, that it limited her functionally.  *See Tanner v. Comm'r of Soc. Sec.*, No. 5:15-CV-577 (TJM/ATB), 2016 WL 3189754, at *4 (N.D.N.Y May 11, 2016); *Howard v. Comm'r of Soc. Sec.*, 203 F. Supp. 3d 282, 296 (W.D.N.Y. 2016).  Unless evidence indicates otherwise, an impairment rated as "mild" by the ALJ is generally not considered severe.  20 C.F.R. §§ 404.1520a(d)(1); 416.920a(d)(1) ("If we rate the degrees of your limitation as "none" or "mild" we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.")

Plaintiff argues that the ALJ erred in failing to obtain an opinion on her mental impairments. For the reasons already stated, Plaintiff's records, including her application for benefits, did not support a finding that she suffered from a disabling mental impairment. Moreover, a reviewing court is not compelled to reject an RFC simply because there is no corresponding medical opinion. Rather, where the record contains sufficient evidence to assess a claimant's functionality, such as treatment notes or evidence of social and recreational activities, an RFC determination need not be disturbed. *See Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29 (2d Cir. 2013), and *Pellam v. Astrue*, 508 F. App'x 87 (2d Cir. 2013)); *see also Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) (finding that the ALJ's RFC determination, which restricted claimant to nonstressful work, was supported by the clinical findings of an examining psychiatrist and claimant's hearing testimony).

Lastly, regardless of how the ALJ characterized Plaintiff's impairments at step two, he thoroughly considered all of Plaintiff's symptoms and complaints in completing his disability determination. Tr. at 35-43. Thus, even if Plaintiff's anxiety was severe, the ALJ's failure to find that at step two was harmless. The Second Circuit Court of Appeals has explicitly held that any step two error is cured where, as here, the ALJ found other severe impairments and proceeded beyond step two. *See Reices-Colon v. Astrue*, No. 12-3013, 2013 WL 1831669, at *1 (2d Cir. 2013) (summary order); *Stanton v. Astrue*, 370 Fed App'x 231, 233 n.1 (2d Cir. 2010). Under the circumstances, this Court finds that the ALJ's conclusion that Plaintiff was not disabled was rational and properly supported.

**Unresolved Conflict Between the VE's Testimony and DOT**

Plaintiff argues that the ALJ failed to resolve the conflict between the VE's testimony (that Plaintiff could perform her PRW as a staffing coordinator despite an RFC limiting her to only occasional reaching with her bilateral upper extremities) and the DOT (which states that this job, as it is generally performed, required frequent reaching).  Dkt. No. 11-1, pp. 18-21.  This Court finds that this error does not require remand because there was no conflict between the VE's opinion and Plaintiff's PRW as she represented that it was *actually* performed.  "Past relevant work is 'either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy.'"  *Mack v. Comm'r of Soc. Sec.*, No. 17-CV-924, 2019 WL 2027214, at *4 (W.D.N.Y. May 8, 2019) (citation omitted).  To prevail, a claimant must show that she cannot perform her past relevant work as she actually performed it *and* as that work is performed generally.  *Id.*; *see also Filer v. Comm'r of Soc. Sec.*, 435 F. Supp. 3d 517, 522–23 (W.D.N.Y. 2020).

An ALJ may consider vocational reports and the claimant's own testimony to determine how she actually performed her PRW.  *Mack*, 2019 WL 2027214, at *4 (citation omitted).  In this case, Plaintiff stated in a work history report that her prior job as a staffing coordinator did not require reaching.  Tr. at 278.  Plaintiff testified that her work as a staffing coordinator involved mostly sitting at a computer, but sometimes required walking around or posting a schedule.  Tr. at 60-61.  There was no indication that the job involved overhead reaching of any kind.  Thus, based on her own representations, Plaintiff could perform her PRW as it was actually performed despite her overhead reaching limitation, as the VE testified.

Based on the foregoing, this Court finds Plaintiff did not meet her burden to show that she was unable to perform her PRW both as actually and as generally performed and, thus, remand on this basis is not warranted.  *See Lewis v. Comm'r of Soc. Sec.*, No. 3:16-CV-1267 (WBC), 2018 WL 557869, at *11 (N.D.N.Y. Jan. 16, 2018) ("[T]he ALJ erred in his determination that Plaintiff could perform the occupation as generally performed.  However, any error would be harmless because Plaintiff could perform the occupation as actually performed.  Because the ALJ's finding that Plaintiff could perform this past relevant work ... as actually performed is sufficient to negate a finding of disability at step four, any error in determining that Plaintiff could perform this work as generally performed is harmless error."); *Filer*, 435 F. Supp. 3d at 523 ("Contrary to Plaintiff's assertion, the conflict between the DOT and the VE's testimony regarding Plaintiff's PRW as *generally performed* is immaterial to whether Plaintiff could perform her PRW as *actually performed*.").  Because Plaintiff did not meet her burden to show that she was unable to perform her PRW both as actually and as generally performed, remand on this basis is not warranted.

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence.  However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012).  That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder **would have to conclude otherwise**."  *Brault*, 683 F.3d at 448 (emphasis added).  This case does not present such a situation.  For all of the foregoing

reasons, this Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is DENIED, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         July 19, 2022

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**